**LOS ANGELES NEWS SERVICE,**
Plaintiff–Appellant,

v.

**REUTERS TELEVISON INTERNATIONAL, LTD.; Visnews International (USA), Ltd.; Reuters America Holdings, Inc.; Reuters America Inc., Defendants–Appellees.**

No. 00–57215.
D.C. No. CV–95–01073–CBM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2002.

Decided Feb. 15, 2002.

Before O'SCANNLAIN and SILVERMAN, Circuit Judges, and REED,* District Judge.

## MEMORANDUM **

Los Angeles News Service (LANS) appeals from the district court's order granting the defendants' motion for summary adjudication of LANS's claim for actual damages. The facts and prior proceedings are known to the parties; they are not cited herein, except as necessary.

We have jurisdiction over this appeal only if the order from which LANS appeals was a "final decision." 28 U.S.C. § 1291 (1994). Appellate jurisdiction exists if and only if the order was final, notwithstanding LANS's failure to obtain the separate judgment required by Rule 58 of the Federal Rules of Civil Procedure. *Bank-*

---

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*ers Trust Co. v. Mallis*, 435 U.S. 381, 384, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam).

Although the district court's order indicated that the amount of statutory damages had been calculated, it also required that LANS elect to recover statutory damages before "the district court's previous award of $60,000 [would] be reinstated." We therefore cannot say that this situation fits within the "well-developed and long-standing meaning" of the term "final decision," which holds a decision to be final only if it " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). The determination of remedy generally is not ministerial and thus is usually required for finality. *E.g., California v. Campbell*, 138 F.3d 772, 776 (9th Cir.1998). We conclude that the election was necessary to a final determination of the amount LANS would recover in damages, which in turn was a precondition of any final decision in this case.

■ Moreover, the order has not become final simply through expiration of the time in which to elect statutory damages. *See* 17 U.S.C. § 504(c)(1) (1994 & Supp. V 1999) (permitting the election "at any time before final judgment is rendered"). Although the defendants moved for entry of a Rule 58 judgment, the district court never ruled on that motion. It did enter a minute order directing the clerk to close the case, but no Rule 58 judgment was ever entered, and the minute order does

not itself qualify. *See* C.D. Cal. R. 14.10.5; *Radio Television Espanola S.A. v. New World Entm't, Ltd.*, 183 F.3d 922, 931–32 (9th Cir.1999).

■ Thus, the failure to make a damages election means that the district court's order was not final.[1] The order was also not appealable under the collateral order doctrine, as it was not "separate from the merits." *Campbell*, 138 F.3d at 777 (quoting *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995)) (internal quotation marks omitted). Nor was the issue certified for interlocutory appeal under 28 U.S.C. § 1292(b).

We therefore conclude that we are without appellate jurisdiction and must dismiss this appeal. Mindful of the delay and expense that the return to the district court may entail, we note that upon the entry of a final judgment and the filing of a new appeal to this court raising the same issue, either party may move this court to decide the new appeal based on the briefs filed in this appeal, with appropriate supplemental excerpts of record. Any new appeal in this matter shall be assigned to this panel.

DISMISSED.

---

1. The issue of attorney's fees also remained before the district court, but finality under § 1291 does not require the determination of liability for attorney's fees or the calculation of such fees. *Budinich v. Becton Dickinson &* *Co.*, 486 U.S. 196, 200–01, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988); *see also* 17 U.S.C. § 505 (1994) (permitting the recovery of attorney's fees "as part of the costs" in copyright cases).